UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20743-CIV-SEITZ/SIMONTON

SETH HARRIS,
ACTING SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR

      Plaintiff,
v.

LEDFORD FARMS, INC.,
and TROY LEDFORD,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM CONSENT JUDGMENT

This matter is before the Court on Plaintiff, the Department of Labor's, Motion for Relief from Consent Judgment. [DE-50]. Plaintiff and Defendants Troy Ledford and Ledford Farms, Inc. ("Defendants") settled an FLSA wage and hour matter and filed a consent judgment which the Court entered on May 2, 2013. [DE-48]. Plaintiff now seeks relief from the consent judgment pursuant to Federal Rule of Civil Procedure 60(b)(1)[1] on the ground that it mistakenly excluded a material paragraph entering judgment for back wages, liquidated damages, and interest totaling $176,019.31. Having considered Defendants' Opposition [DE-51] and the record, the facts and justice require that the motion be granted.

### I.   Background

Defendants employed seasonal laborers on their green bean farm in Homestead, Florida. The Complaint alleged that Defendants violated minimum wage and record keeping requirements of the Fair Labor Standards Act. Plaintiff sought injunctive relief and, *inter alia*,

---

[1] Additionally, Plaintiff asserts ground for relief based upon traditional contract principles. Because the Court finds adequate ground for relief under Rule 60(b)(1), the Plaintiff's alternative theory of relief need not be addressed.

the workers' back wages and liquidated damages.[2] The parties entered into settlement negotiations which occurred in part over email. Plaintiff's counsel had technical difficulties saving the various drafts of the settlement agreement and consent judgment that were emailed back and forth between counsel. On April 15, 2013, Defendants emailed Plaintiff's counsel a significantly revised draft of the consent judgment which contained a monetary judgment for the full amount demanded of $176,019.31. [DE 50-7]. The cover email stated that Defendants "agree[] not to contest the entry of money judgment against [them] in the amounts claimed by the Secretary." *Id.* Sometime thereafter, what was then Paragraph 7 concerning damages, was inexplicably omitted from the working draft, although none of the parties' email exchanges addressed the omission. Consequently, the parties' proposed order of consent judgment submitted to the Court did not include a provision requiring Defendants to pay damages.

Plaintiff asserts that the paragraph was inadvertently omitted, perhaps due to technical problems with saving the drafts. Plaintiff contends that during settlement discussions it never wavered from its position that the damages were not negotiable because they "were not owed to the United States but to the field laborers who earned them." Pl. Mot. at 2. Nevertheless, Defendants maintain that upon discovering the missing paragraph "it was not obvious . . . that a mistake had been made." [*See* Def. Opp., at 3]. Instead, Defendants' position is that the paragraph containing the money judgment was excluded because Defense counsel "believed" the Government had reconsidered the Defendants' circumstances[3] and unilaterally dropped the

---

[2] Fisteac Farm Labor, Inc., a farm labor supplier, and Joseph Fisteac were also named as Defendants in the Complaint. Because the Fisteac Defendants failed to answer the Complaint, the Court entered default judgment against them. [DE-38].

[3] During settlement negotiations, Defendants contended that they were unable to pay damages due to a pending bankruptcy petition.

requirement that Defendants pay $176,019.31 in back wages and damages. *See id.* Though "pleased" that the provision was removed, Defendants did not call Plaintiff's counsel about it much less attempt to confirm the believed change in Plaintiff's position.[4] [DE-50-11].

It is undisputed that a paragraph concerning Defendants' payment of back wages, liquidated damages and interest existed in draft versions of the settlement. Moreover, none of the back and forth emails discuss the removal of such a paragraph. On the contrary, Defendant's counsel's cover email attaching a draft Stipulation Agreement stated that Defendants agreed not to contest the Secretary's monetary judgment. Additionally, the Consent Judgment Order specifically references the payments to the farm workers by Plaintiff upon receipt of funds from Defendants and that Defendants would be responsible for the employer contribution for F.I.C.A. taxes on the back wages.[5]

## II. Discussion

Rule 60(b)(1) allows for relief from judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1); *see United States v. Gould*, 301 F.2d 353, 357 (5th Cir. 1962)[6] (liberally construing Rule 60(b)(1) and setting aside consent judgment based on the government's mistaken understanding that a land owner was due other than nominal

---

[4] By confirming the accuracy of their surprised belief as to Plaintiff's sudden change in position, Defendants' counsel could have saved its clients, opposing Counsel and the Court, considerable time and expense. Counsel having the experience levels of Defense Counsel realize further inquiry is appropriate when a concession of this magnitude is made without comment.

[5] "Plaintiff upon receipt of any monies pursuant to this Judgment, shall distribute such monies less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees . . . . The Defendants shall be responsible for paying the employer's portion of the F.I.C.A. taxes." [Consent Judgment, DE-48, ¶ 7].

[6] Fifth Circuit decisions issued prior to September 30, 1981 are binding precedent on the Eleventh Circuit. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

compensation for his land). While final judgments should not be lightly reopened, Rule 60(b) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 615 (1949).

The record amply supports a finding that the paragraph containing the money judgment was excluded by mistake. Draft versions of the consent judgment required Defendants to pay the farm workers back wages and damages. Had the Department of Labor relented in its demand that the farm workers be made whole, such an important change of heart would have been corroborated by the record evidence. However, no part of the record, including the emails exchanged between the parties during the settlement negotiations, show that the removal of this paragraph was even negotiable, much less actually negotiated.[7] Moreover, inclusion of Paragraph 7 in the submitted final consent judgment additionally suggests that Plaintiff made a mistake. That paragraph requires that "upon receipt of any monies pursuant to this Judgment" Plaintiff would distribute the money to the workers and Defendants would be responsible for paying the employer portion of F.I.C.A. taxes. A paragraph concerning the final distribution of the money judgment is obviously meant to be pendent to a provision ordering a money judgment.

### III. Conclusion

The record contains sufficient facts to conclude that Plaintiff made a mistake in not including a paragraph for money judgment. Given that Rule 60(b)(1) is liberally construed to grant relief in such cases, it is,

---

[7] The Department of Labor's mishandling of this settlement could have been avoided by the exercise of a modicum of diligence. Plaintiff's Counsel's professional pride, especially when they have the privilege to represent the United States, should demand more rigorous proof-reading. In the future, Counsel are admonished to be more professionally diligent. More troubling, however, is Defendants' Counsel's response. The assertion that it was not obvious to Defendants' Counsel, who was involved in the settlement negotiations, that the missing paragraph was an error has an air of willful ignorance. While the individual counsel may be willing to deplete their personal credibility bank account, their conduct sullies the reputation of their entire firm.

4

ORDERED that

(1)     Plaintiff's Motion for Relief from Consent Judgment Order is **GRANTED**.

(2)     The Consent Judgment [DE-48] is **VACATED**.

(3)     This case is reopened. The Court will contemporaneously issue an order requiring a new Joint Scheduling Report.

DONE AND ORDERED in Miami, Florida, this ___8th___ day of October, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record